**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------
ROOSEVELT COUNCIL and
MARILYN COUNCIL,
                Plaintiffs,

       v.                                    No. 08-CV-1158
                                              (LEK/DRH)

THE STATE OF NEW YORK and
SOCIAL SERVICE DEPARTMENT OF NYS,

                Defendants.
---------------------------------------------------------------

**APPEARANCES**:

Roosevelt Council
Plaintiff pro se
2850 Bronx park East
Apartment Q32
Bronx, New York 10467

Marilyn Counsel
Plaintiff pro se
2850 Bronx park East
Apartment Q32
Bronx, New York 10467

DAVID R. HOMER
U.S. Magistrate Judge

## REPORT-RECOMMENDATION

      Plaintiffs pro se Roosevelt Council and his wife, Marilyn Council, filed a complaint on October 28, 2008 seeking to recover damages under the Civil Rights Act, 42 U.S.C. § 1983, against defendants The State of New York and the Social Services Department of NYS. Docket No. 1. From the complaint, it appears that plaintiffs allege that the criminal prosecution instituted against them in Bronx County caused their incarceration and emotional distress for

which they seek compensatory damages.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additionally, pursuant to 28 U.S.C. § 1915A,

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] dismiss the complaint . . . if . . . [it] (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915A(a) & (b).

The law is well established that under the Eleventh Amendment to the United States Constitution, both the State of New York and its subdivisions are immune from suits such as this. See Pennhurst State Sch & Hosp. v. Haldeman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 11 (1890); see also, Quern v. Jordan, 440 U.S. 332, 340-41 (1979) (applying Eleventh Amendment immunity to claims under § 1983).  Plaintiffs' claims here against the two-named defendants are, therefore, futile.

Under other circumstances, plaintiffs would nevertheless be afforded the opportunity to amend their complaint to allege claims against individual defendants who are not protected by Eleventh Amendment immunity.  However, it appears from the complaint that the venue of all

conduct alleged by plaintiffs was Bronx County, which is located in the Southern District of New York. The complaint alleges no conduct by any individual which took place in the Northern District of New York. Accordingly, it appears that affording plaintiffs an opportunity to amend their complaint to name individual defendants could not produce any claims properly brought in this district and, therefore, any claims against individual defendants in this district would likewise be futile.

Therefore, a review of plaintiffs' complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A indicates both that the present complaint affords no claim upon which relief can be granted and that any amendment to that complaint could assert no claim upon relief can be granted in this district. Given these facts, it is hereby

**RECOMMENDED** that the complaint herein be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 14, 2008
         Albany, New York

_David R. Homer_
David R. Homer
U.S. Magistrate Judge